# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **GABRIEL VAZQUEZ**, Individually and for Others Similarly Situated,<br>    Plaintiff,<br><br>v.<br><br>**SESCO CEMENT, CORP.**<br>    Defendant. | CASE NO. _____<br><br>**FLSA COLLECTIVE ACTION**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

1. Plaintiff Gabriel Vazquez brings this collective action to recover unpaid overtime wages and other damages from Defendant Sesco Cement, Corp. (Sesco) for himself and all others similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 216(b).

2. Vazquez worked for Sesco as an Inspector from approximately August 2020 until October 2020.

3. Vazquez and the Putative Class Members (defined below) regularly worked more than 40 hours a week but never received overtime pay for any hours they worked in excess of 40 hours in a single workweek.

4. Instead, Sesco paid Vazquez, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

5. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION & VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

7. Venue is proper under 28 U.S.C. § 1391(b) because Sesco maintains their corporate headquarters in Houston, Texas.

## PARTIES

8. Vazquez is a resident of Harris County, Texas and his written consent to be a party plaintiff is attached to this Complaint as Exhibit A.

9. Sesco is a cement manufacturer and construction project company with projects in Texas and the surrounding states.[1]

10. Sesco maintains its corporate headquarters in Houston, Harris County, Texas.

11. From approximately August 2020 until October 2020, Vazquez was employed by Sesco as an Inspector and provided welding inspection services.

12. Throughout his employment with Sesco, Vazquez was paid hourly without overtime compensation and misclassified as an independent contractor.

13. Vazquez brings this action on behalf of himself and other similarly situated workers who were not paid overtime under Sesco's straight time for overtime system.

14. Sesco paid each of these workers the same amount for each hour worked and failed to pay them overtime for hours worked in excess of 40 hours in a workweek.

15. The putative class of similarly situated workers sought to be certified as a collective action under the FLSA is defined as:

> **All workers performing work for, or on behalf of, Defendant Sesco Cement, Corp. who were paid straight time for overtime at any time within the last three (3) years.** (Putative Class Members).

16. Defendant Sesco Concrete, Corp. may be served through its registered agent for process, Davenport Law Firm PC, 2009 Lubbock Street, Houston, Texas 77007.

## COVERAGE UNDER THE FLSA

17. At all relevant times, Sesco was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

---

[1] https://sescocement.com/company (last visited September 30, 2022).

18. At all relevant times, Sesco was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. At all times hereinafter mentioned, UniFirst has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as computers, cell phones, and office supplies - that have been moved in or produced for commerce by any person and in that UniFirst have had and have an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

20. Vazquez and the Putative Class Members were engaged in commerce and/or in the production of goods for commerce and Sesco uniformly applied their illegal pay practices upon Vazquez and the Putative Class Members throughout their employment.

## CASE FACTS

21. Defendant Sesco is a subsidiary of the Sesco Group which is a multi-billion-dollar materials and transportation company that operates through numerous manufacturing facilities in and around the Houston area.[2]

22. From approximately August 2020 through October 2020, Defendant employed Vazquez.

23. During this time, Vazquez consistently worked more than 40 hours a week and reported his work hours to Sesco pursuant to their requirements.

---

[2] https://sescocement.com/company (last visited September 30, 2022).

24. Throughout his employment with Sesco, Vazquez regularly worked 50-65 hours a week on their behalf.

25. Vazquez was paid on an hourly basis.

26. Vazquez was not paid on a salary basis.

27. Vazquez never received any salary guarantee.

28. Vazquez was never paid any guaranteed salary.

29. Vazquez was only paid for the hours he worked.

30. Sesco paid Vazquez $75 for each hour worked.

31. Sesco typically scheduled Vazquez to work 10-12 hour shifts, for as many as 5-6 days a week.

32. When Vazquez occasionally worked less than 40 hours for a given week, Sesco only paid Vazquez for the specific number of hours he worked that week.

33. For example, Defendant paid Vazquez at an hourly rate for working 20.27 hours during the pay period for 10/05/20 - 10/11/20.

34. However, when Vazquez worked more than 40 hours in a week, Sesco only paid him at the same hourly rate for all hours worked (including those in excess of 40 hours in a workweek) and failed to pay time and half as required by the FLSA.

35. Sesco's "straight time for overtime" payment scheme violates the FLSA.

36. Further, Sesco willfully violated the FLSA. Considering they were aware of the overtime requirements of the FLSA yet nonetheless failed to pay certain hourly employees (like Vazquez) overtime.

37. Based on his experience working for Sesco, Vazquez knows the Putative Class Members worked similar hours as part of their employment with Sesco and were also victimized by

Sesco's illegal pay scheme. Sesco has also been a party to lawsuits involving similar allegations of wage and hour violations.

38. The hours Vazquez and the Putative Class Members' worked during their employment with Sesco are reflected in Sesco's records.

39. Sesco paid Vazquez and the Class Members at the same hourly rate for all hours worked, including those in excess of 40 in a workweek, throughout their employment with Sesco.

40. Sesco exercised control (directly or jointly through another company) over all aspects of Vazquez's job. For instance, Sesco supervised and controlled the scope of work performed on Sesco's behalf, required these workers to follow Sesco's policies and procedures, set the workers' pay rates, set their work schedules, and managed their time sheets.

41. Vazquez and the Class Members were not required to possess any unique or specialized skillset (other than that maintained by all other individuals working in the same job position) to perform their job duties.

42. Sesco controlled all of the significant or meaningful aspects of the job duties performed by Vazquez and the Class Members, and required these workers to adhere to Sesco's company policies and procedures.

43. Sesco controlled the hours and locations Vazquez and the Class Members worked, the raw materials they used, and their rates of pay they received.

44. Very little in terms of independent business initiative, was required of Vazquez and the Class Members to perform their job duties.

45. Indeed, the daily and weekly activities of Vazquez and the Putative Class Members were routine and largely governed by Sesco's directions and mandated by Sesco.

46. Virtually every job function performed by Vazquez and the Putative Class Members was pre-determined by Sesco, including the tools and materials to use at a job site, the schedule of work, and related instruction and direction regarding the construction of the Sesco facility.

47. Vazquez and the Putative Class Members were generally prohibited from varying their job duties outside of the pre-determined parameters.

48. Finally, for the purposes of an FLSA overtime claim, the Putative Class Members performed substantially similar job duties related to welding and construction operations in the field.

49. Sesco failed to pay Vazquez overtime for hours worked in excess of 40 hours in a single workweek.

50. Sesco failed to pay the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

51. Sesco knew, or acted with reckless disregard for whether, Vazquez and the Putative Class Members were misclassified as independent contractors.

52. Sesco's policy of classifying Vazquez and the Putative Class Members as independent contractors violates the FLSA because these workers are, for the purposes of the FLSA, employees.

53. Sesco's policy of failing to pay Vazquez and the Putative Class Members overtime violates the FLSA because these workers are, for the purposes of the FLSA, employees entitled to overtime compensation.

54. Sesco's straight time for overtime system violates the FLSA because Vazquez and the other straight time for overtime workers classified as independent contractors did not receive proper overtime pay for hours worked over 40 hours each week.

55. Because Vazquez and the Putative Class Members were misclassified as independent contractors by Sesco, they should receive overtime for all hours worked in excess of 40 hours in each workweek.

## FLSA VIOLATIONS

56. Sesco violated, and are violating, the FLSA by employing Vazquez and the Putative Class Members for workweeks longer than 40 hours without paying them overtime.

57. Sesco knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Vazquez and the Putative Class Members overtime.

58. Sesco's failure to pay overtime to Vazquez and the Putative Class Members was not reasonable, nor was the decision not to pay overtime made in good faith.

59. Accordingly, Vazquez and the Putative Class Members are entitled to overtime under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

60. The illegal "straight time for overtime" practice Sesco imposed on Vazquez was imposed on the Putative Class Members.

61. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

62. Numerous other individuals who worked with Vazquez were classified as independent contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

63. Based on his experiences and tenure with Sesco, Vazquez is aware that Sesco's illegal practices were imposed on other Putative Class Members.

64. The Putative Class Members were improperly classified as independent contractors and not paid overtime when they worked in excess of 40 hours per week.

65. Sesco's failure to pay overtime at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

66. Vazquez's experiences are therefore typical of the experiences of the Putative Class Members.

67. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent class or collective treatment.

68. Vazquez has no interests contrary to, or in conflict with, the Putative Class Members.

69. Like each Putative Class Member, Vazquez has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

70. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

71. Absent a collective action, many members of the Putative Class will not obtain redress of their injuries and Sesco will reap the unjust benefits of violating the FLSA.

72. Furthermore, even if some of the Putative Class Members could afford individual litigation against Sesco, it would be unduly burdensome to the judicial system.

73. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

74. The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Sesco employed the members of the Class within the meaning of the FLSA;

    b. Whether the Putative Class Members were improperly classified as independent contractors;

    c. Whether Sesco's decision to classify the members of the Class as independent contractors was made in good faith;

    d. Whether Sesco's decision to not pay time and a half for overtime to the members of the Class was made in good faith;

    e. Whether Sesco's violation of the FLSA was willful; and

    f. Whether Sesco's illegal pay practices were applied to the Putative Class Members.

75. Vazquez and the Putative Class Members sustained damages arising out of Sesco's illegal and uniform employment policy.

76. Vazquez knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

77. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

## JURY DEMAND

78. Vazquez demands a trial by jury.

## RELIEF SOUGHT

79. WHEREFORE, Vazquez prays for judgment against Sesco as follows:

    a. An Order designating the Putative FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

    b. For an Order appointing Vazquez and his counsel to represent the interests of the FLSA Class;

    c. For an Order finding Sesco liable to Vazquez and the Putative Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

    d. For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

  e. For an Order granting such other and further relief as may be necessary and appropriate.

          Respectfully submitted,

          By: */s/ Michael A. Josephson*
          **Michael A. Josephson**
          Texas Bar No. 24014780
          **Andrew W. Dunlap**
          Texas Bar No. 24078444
          **Taylor S. Montgomery**
          Texas Bar No. 24106326
          **JOSEPHSON DUNLAP LLP**
          11 Greenway Plaza, Suite 3050
          Houston, Texas 77046
          713-352-1100 – Telephone
          713-352-3300 – Facsimile
          mjosephson@mybackwages.com
          adunlap@mybackwages.com
          tmontgomery@mybackwages.com

          AND

          **Richard J. (Rex) Burch**
          Texas Bar No. 24001807
          **BRUCKNER BURCH PLLC**
          11 Greenway Plaza, Suite 3025
          Houston, Texas 77046
          713-877-8788 – Telephone
          713-877-8065 – Facsimile
          rburch@brucknerburch.com

          **ATTORNEYS IN CHARGE FOR PLAINTIFF**